UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>Plaintiff,<br><br>v.<br><br>T. ROBINSON, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00703-JDP<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 12 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff appears to seek the appointment of counsel in this case, although he has submitted a California Superior Court form that does not apply to federal courts. *See* ECF No. 12. As plaintiff has failed to articulate any basis for appointing counsel—except that he cannot afford to pay—his motion for counsel is denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such

circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this early stage in the proceedings, plaintiff has not demonstrated that he is likely to succeed on the merits.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel.

IT IS SO ORDERED.

Dated:     October 29, 2019                                     _____
                                                                UNITED STATES MAGISTRATE JUDGE

No. 204