UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE, | Case No. 1:19-cv-00703-DAD-HBK |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES |
| v. | |
| T. ROBINSON, *et al.*, | (Doc. No. 30) |
| Defendants. | |

Pending before the court is defendants' motion to stay this matter's discovery and dispositive motion deadlines pending resolution of defendants' exhaustion summary judgment motion. (Doc. No. 30). Plaintiff Nicholas Scott Stone ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. Nos. 11, 15). This action proceeds on plaintiff's first amended complaint against: (1) defendant Robinson for excessive force under the Eighth Amendment; (2) defendants Robinson, Yang and Ortega for failure to protect under the Eighth Amendment; and (3) defendants Robinson, Yang, Ortega, David, Abumeri, Fernandez, Nacar, Flores, Marean, and Ramadan for medical deliberate indifference under the Eighth Amendment. (Doc. No. 16 at 1-2).

I. BACKGROUND

On December 29, 2020, Defendants Robinson, Yang, Ortega, David, Fernandez, Nacar, Flores, Marean, and Ramadan moved for summary judgment, arguing plaintiff failed to exhaust

1

administrative remedies.  (Doc. No. 29).  If granted in full, defendants' summary judgment motion would dispose of all claims against defendants Robinson, Yang, Ortega, Fernandez, Nacar and Flores and one of the two claims against defendant Marean.  (*Id.*)  The summary judgment motion remains fully briefed and ripe for review by the court.  (*See* Doc. Nos. 29, 31-33).

Concurrent to filing their exhaustion summary judgment motion, defendants moved for a stay of the discovery and dispositive motion deadlines until their summary judgment motion was resolved.  (Doc. No. 30).  The court's August 31, 2020 Discovery and Scheduling Order set a discovery deadline of April 28, 2021 and a dispositive motion deadline of July 12, 2021.  (Doc. No. 25).  Plaintiff has not timely filed an opposition to the stay motion.  (*See* docket).

## II.     APPLICABLE LAW

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  In considering whether to modify the scheduling order under Rule 16, "the focus of the inquiry is upon the moving party's reasons for seeking modification," but the court should also consider whether the moving party was diligent and whether the opposing party would suffer prejudice.  *Lyles v. Dollar Rent a Car, Inc.*, 2021 WL 944208, at *1 (9th Cir. Mar. 12, 2021) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). The court ultimately enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

## III.    ANALYSIS

Defendants argue there is good cause for a stay because (1) the pending exhaustion summary judgment could dispose of  many of the defendants and claims in this action; (2) the court needs no additional information to decide the exhaustion summary judgment motion; (3) conducting discovery and preparing dispositive motions involving parties and/or claims that may be disposed in the exhaustion summary judgment would be "needless"; and (4) keeping all defendants on the same schedule serves judicial economy.  (Doc. No. 30 at 1-2, 4-9).

First, defendants argue the pending exhaustion summary judgment motion could dispose of many of the defendants and claims in this action.  (Doc. No. 30 at 4-5).  The Prison Litigation Reform Act requires that plaintiff first exhaust all administrative remedies prior to filing an

action, and failure to do so is grounds for judgment against plaintiff. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); 42 U.S.C. § 1997e(a)). Defendants' summary judgment motion alleges plaintiff failed to administratively exhaust all claims against defendants Robinson, Yang, Ortega, Fernandez, Nacar and Flores, and one of the two claims against Defendant Marean. (Doc. No. 29). This court has found good cause exists to stay a case while an exhaustion summary judgment motion pends. *Felde v. Ogbuehi*, 2021 WL 963749, at *1 (E.D. Cal. Mar. 15, 2021).

Second, defendants contend the needs no further information to decide the exhaustion summary judgment motion. When a defendant moves for an exhaustion summary judgment, any discovery should be limited to the question of exhaustion until that motion is resolved. *Albino*, 747 F.3d at 1170. Here, defendants argue additional discovery is unnecessary because the record already contains evidence that some of plaintiff's claims either were not raised in the prison administrative process or were raised, but not fully appealed. (Doc. No. 30 at 8). Plaintiff also has not argued he needs discovery to defend the exhaustion claim and, indeed, has already responded in opposition to the summary judgment motion. (*See* Doc. Nos. 31, 32).

Third, defendants argue it would be "needless" to conduct discovery and prepare merits based dispositive motions for parties and claims that may be disposed of by the exhaustion summary judgment motion. (Doc. No. 30 at 8). The Ninth Circuit dictates that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims." *Albino*, 747 F.3d at 1170.

Finally, defendants argue judicial economy benefits from keeping all defendants on the same schedule. This court has found that preserving judicial economy is good cause for a stay. *Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of the Interior*, 2020 WL 3841264, at *2 (E.D. Cal. July 8, 2020). With numerous defendants in this case it is sensible to keep them all on the same discovery schedule.

The court finds defendants have shown good cause to warrant a stay of the discovery and dispositive deadlines in the Scheduling Order. By staying the case now, the court will prevent duplication of efforts on the part of the state, plaintiff, and the court. There is no reason to

believe, and plaintiff has not argued, that a stay will prejudice him.  Defendants exhaustion motion was timely filed, and no additional discovery is presently needed to address it.

Accordingly, it is ORDERED:

1. Defendants' motion to stay discovery and dispositive motion deadlines (Doc. No. 30) is GRANTED.
2. All deadlines in the discovery and scheduling order (Doc. No. 25) are stayed pending resolution of defendants' exhaustion-based motion for summary judgment.  A new discovery and scheduling order will issue once this court rules on defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   April 6, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE