UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>T. ROBINSON, *et al.*,<br><br>    Defendants. | Case No.  1:19-cv-00703-DAD-HBK<br><br>ORDER REFERRING CASE TO ADR AND CONTINUING STAY OF DISCOVERY OF CASE FOR 45 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

   Plaintiff Nicholas Scott Stone is a state prisoner proceeding *pro se* on his first amended complaint brought under 42 U.S.C. § 1983. (Doc. No. 1). Defendants filed an answer to the first amended complaint on August 27, 2020. (Doc. N. 22). Defendants' exhaustion-based motion for summary judgment was granted in part and denied in part. (Doc. Nos. 29, 35, 37). In particular, Plaintiff's failure to protect claims against defendants T. Robinson, Y. Yang and M. Ortega were dismissed, his medical deliberate indifference claims against defendants Catherine Nacar and Corazon Flores were dismissed and defendants Nacar and Flores were dismissed as defendants, and his medical indifference claim against defendant Brett Marean stemming from Marean's

alleged failure to provide plaintiff with his prescribed medications was dismissed.  (Doc. No. 37 at 2-3).

The Court refers all civil rights cases filed by *pro se* individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively.  *See also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR.  No claims, defenses, or objections are waived by the parties' participation.  Attempting to resolve this matter through settlement now would save the parties the time and expense of preparing for trial.  The Court therefore will STAY this action for 45 days to allow the parties to meet and confer and participate in a settlement conference.  The Court presumes that all civil rights cases assigned to the undersigned will proceed to a settlement conference.  If, however, after meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the settlement conference.  If either party opts out or the settlement is unsuccessful, the Court will set the case for trial.

The Court had previously stayed the deadlines in the August 31, 2020 Discovery and Scheduling Order.  (Doc. No. 34).  Consequently, while the parties have engaged in discovery, the Court recognizes that additional discovery may be needed for this case to proceed to trial.  Accordingly, in addition to meeting to discuss settlement, the parties shall also meet and confer to prepare a joint report which shall include proposed amended discovery and dispositive deadlines and identify any discovery issues that may need addressed by the Court.  If the parties elect to opt of settlement, they will be required to file a joint discovery report in order that the Court may lift the stay and issue a modified Scheduling and Discovery Order.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED for 45** days to allow the parties an opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the stay, and the parties shall not engage in formal discovery.

2. **Within 45 days** from the date on this Order, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently

achievable.  **If either party objects to a settlement conference the Court will issue a modified scheduling and discovery order as set forth below.**

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

5. The Clerk of Court shall serve Deputy Attorney General Andrea L. Sloan and Supervising Deputy Attorney General Lawrence Bragg with a copy of Plaintiff's first amended complaint (Doc No. 15); the screening order (Doc. No. 16), the undersigned's Findings and Recommendations (Doc. No. 35), the District Court's adoption of the same (Doc. No. 37), and this Order.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action.  Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

7.  If either party objects to a settlement conference, within **sixty (60) days** of the date on this Order, the parties shall file a joint discovery and status report with proposed discovery and dispositive deadlines.  Thereafter, the Court will lift the stay and issue a modified discovery and scheduling order.

Dated:     December 27, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE