UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE, | Case No. 1:19-cv-00703-DAD-HBK (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M) AND FED. R. CIV. P. 41(b) |
| v. | |
| IMAD ABUMERI, | |
| Defendant. | |

This matter comes before the Court upon periodic review of the file. Plaintiff filed his First Amended Complaint ("FAC") on November 19, 2019. (Doc. No. 15). Service was made in accordance with the court's E-Service pilot program for civil rights cases for the Eastern District of California and the clerk issued a summons for Defendant on June 5, 2020. (Doc. Nos. 16, 17). The California Department of Corrections and Rehabilitation ("CDCR") filed notice on July 6, 2020, that all Defendants, except Defendant Abumeri, intended to waive service, and in the additional information section, CDCR stated that Defendant Abumeri is a "Health Net Provider" and "[n]ot a CDCR Employee." (Doc. No. 20). As of the date of this order, service has not been effectuated on Defendant Abumeri. (*See generally* docket). Notably, Plaintiff and all of the remaining Defendants have settled this case. (Doc. Nos.45, 46). Thus, at this stage of the proceedings only Defendant Abumeri, who had not yet been served, remains as a named defendant.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The time may be extended for good cause shown. *Id*. If a defendant is not served within the requisite time period, after notice to plaintiff, the court *must* dismiss the action without prejudice, or order that service be made within a certain time period. *Id.* (emphasis added).

"*Pro se* litigants must follow the same rules of procedure that govern other litigants." *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, \*6-\*7 (C.D. Cal. Jun. 4, 2016)(findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96387, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(*overruled* in part by Lacy v. Maricopa County, 693 F.3d 896 (9th Cir. 2021)) (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(the failure of a *pro-se* litigant to follow the procedural rules justified the dismissal of the *pro-se* litigant's civil rights action). While prisoners may rely on the U.S. Marshal's Office to serve a defendant, a district court may dismiss a prisoner's civil rights complaint for a failure to effect service when the prisoner plaintiff fails to provide the U.S. Marshals with sufficient information to serve a defendant. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). The rules of civil procedure are "based on the assumption that litigation is normally conducted by lawyers[;]" however, the rules should not be interpreted in a manner that excuses "mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff's Rule 4(m) period did not commence running until the Court authorized service of process and the Clerk of Court gave the U.S. Marshals the service-related documents provided by Plaintiff. *See Thomas*, 2015 U.S. Dist. LEXIS 96365 at \*6. It is well past 90 days since Plaintiff's Rule 4(m) period commenced and there is no evidence that Plaintiff has made any effort to ascertain whether service was effectuated upon Defendant Abumeri. *See* docket. Notably, after CDCR filed its July 6, 2020 Notice (Doc. No. 20) and responded to the complaint, Plaintiff appeared to abandon his action against Defendant Abumeri and continued with his case against the defendants who were served. *See* docket. Further, while there is no evidence on the docket whether the U.S. Marshal attempted and was unable to serve Defendant Abumeri, the

Court alerted Plaintiff in its September 24, 2021 Findings and Recommendations that Defendant Abumeri still had not been served. (Doc. No. 35 n. 2). Plaintiff did not inquire or take any action to effect service on Defendant Abumeri or request additional time to serve after the September 24, 2021 Findings and Recommendations. *See* docket.

In settling this action, Plaintiff may have well intended to settle all claims, not just against the CDCR defendants, but against Defendant Abumeri as well.[1] Plaintiff shall either indicate whether he wishes to voluntarily dismiss Defendant Abumeri pursuant to Fed. Rule Civ. P. 41, or shall good cause why Defendant Abumeri should not be dismissed under Rule 4(m).

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days of the date on this Order, Plaintiff shall file a notice of voluntary dismissal as to Defendant Abumeri or show good cause why Defendant Abumeri should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or this case dismissed under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this action.

2. Failure to timely respond to this order will result in the recommendation to the district court that this case be dismissed as to the sole remaining unserved Defendant.

Dated:   June 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Understandably, Plaintiff may have elected not to pursue any claims against pursuant to Defendant Abumeri. According to the court's June 5, 2020 screening order, the first amended complaint was proceeding on a deliberate indifference claims against Defendant Abumeri. (Doc. No. 16 at 2). The screening order is not detailed and does not provide a clear explanation as to what specific action Defendant Abumeri took or failed to take to sustain an Eighth Amendment deliberate indifference claim. (*Id*.). Defendant Abumeri is identified as a surgeon employed at Kern Neurological Institute. (Doc. No. 15 at 3). Significantly, there is nothing in the first amendment complaint to support a finding that Defendant Abumeri was a state actor to subject his to § 1983 liability. Further, Plaintiff attributes liability to Defendant Abumeri for what he claims was "botched surgery" because he was left with a scar that runs from the front of his head to the back and hair loss. (*Id*. 7). The undersigned finds, the first amended complaint alleges at most a claim of medical malpractice against Defendant Abumeri.