UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br>Plaintiff,<br>v.<br>IMAD ABUMERI,<br>Defendant. | No. 1:19-cv-00703-DAD-HBK (PC)<br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT IAMD ABUMERI<br>OBJECTIONS DUE IN FOURTEEN DAYS |

This matter came before the Court upon review of Plaintiff's response to the Court's Order to Show Cause filed June 23, 2022. (Doc. No. 49). As more fully set forth below, the undersigned recommends the district court dismiss the sole remaining defendant Imad Abumeri without prejudice due to the plaintiff's failure to timely effectuate service of process and prosecute this action and close this case.

**FACTS AND BACKGROUND**

Plaintiff, Nicholas Scott Stone ("Plaintiff" or "Stone"), a prisoner proceeds pro se and *in forma pauperis* in this civil rights action initiated on May 14, 2019. (Doc. Nos. 1, 11). After a first screening order (Doc. No. 14), Plaintiff filed a First Amended Complaint ("FAC") on November 18, 2019 identifying T. Robinson, Y. Yang, M. Ortega, Imad Abumeri, A.J. Fernandez, Catherine Nacar, Corazon Flores, R. David, Brett Marean, and A. Ramadan as defendants. (Doc. No. 15). In summary, the FAC alleged Plaintiff was engaged in a physical

altercation with another inmate. (Doc. No. 15 at 5-6). During the altercation, Plaintiff was struck in the head by a rubber bullet shot by a correctional officer causing Plaintiff to sustain serious head injuries. (*Id.*). Plaintiff was taken to Adventist Health in Bakersfield California where his surgery was performed by Defendant Abumeri. (*Id*. at 7). Defendant Abumeri performed surgery on Plaintiff and advised Plaintiff that he would only have a small scar on his head. (*Id.*). Plaintiff states he was left with a large scar on his head, several small scars, permanent hair loss, and a deformity at the upper left side of his head along with his forehead. (*Id.*). More particularly, Plaintiff states that

> [w]hen [Abumeri] discussed the risks of this procedure he failed to let me know that I'd be permanently disfigured with several deformities. The only risks that were discussed are listed in Report titled Neurosurgery Procedure Final Report. Had [I] been advised of proper outcome I would of chose a different course and not be botched in surgery.

(Id. at 11). The exhibits attached to the FAC and incorporated by reference evidence[1] that after admission to Adventist Health Hospital "with complaints of vomiting and headaches" and after obtaining a CT scan, "Patient was recommended stat left craniotomy" and "Dr. Abumeri neurosurgeon was contacted and patient went for emergency surgery" and "underwent left frontoparietal craniotomy and evacuation of epidural hematoma." (*Id*. at 46, 51). Further, the exhibits evidence the "risks and benefits were discussed with patient in details early morning in the emergency room in presence of the nursing staff" and "[r]isks include by not limited to infection, hemorrhage, CSF leak, cerebral stroke, seizure and/or status epilepticus, cranial nerves deficit, loss of speech, cognitive function deficiency, need for further surgery, cardiopulmonary complications and death." (*Id*. at 46) (*see* also Doc. No. 15 at 3).

The then-assigned magistrate judge issued a second screening order on June 5, 2020 stating:

> Plaintiff alleges that defendants violated his Eighth Amendment

[1] The Court's review is limited to the complaint, exhibits attached and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). Because the exhibits are attached and incorporated in the FAC, the Court may consider the exhibits when their authenticity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

> rights in relation to a fight with another inmate during which he was shot in the head. Plaintiff claims that some defendants encouraged the altercation, defendant Robinson shot him, and many of the defendants contributed to inadequate medical care at multiple points in time in response to his head injury.
>
> The court orders that this case proceed on plaintiff's first amended complaint filed November 19, 2019, ECF No. 15, on the claims therein against defendants. Specifically, those claims are excessive force against defendant Robinson; failure to protect against defendants Robinson, Yang, and Ortega; and medical deliberate indifference against defendants Robinson, Yang, Ortega, David, Abumeri, Fernandez, Nacar, Flores, Marean, and Ramadan.

(Doc. No. 16 at 1-2). Without further elaboration on the medical deliberate indifference claim in the screening order, the court ordered service of Plaintiff's FAC on June 5, 2020 on the above-named defendants, including Defendant Abumeri, who is identified as "a surgeon at Kern Neurological Institute, 2323 16th Street, Ste 407, Bakersfield, CA, 93391). (*Id*. at 2). Service was made in accordance with the court's E-Service pilot program for civil rights cases for the Eastern District of California and the clerk issued a summons for the above identified defendants on June 5, 2020. (Doc. Nos. 16, 17).

On July 6, 2020, the California Department of Corrections and Rehabilitation ("CDCR") filed notice that all defendants, except Defendant Abumeri, intended to waive service, and in the additional information section, CDCR stated that Defendant Abumeri is a "Health Net Provider" and "[n]ot a CDCR Employee." (Doc. No. 20). After the CDCR filed notice, Plaintiff took no action to request service on Defendant Abumeri. *See* docket. Indeed, after CDCR filed its July 6, 2020 Notice (Doc. No. 20) and responded to the complaint, Plaintiff appeared to abandon his action against Defendant Abumeri and continued with his case against the defendants who were served. *See* docket.

The case proceeded procedurally with a discovery and scheduling order being entered on August 31, 2020. (Doc. No. 25). The served defendants filed an exhaustion-based motion for summary judgment on December 29, 2020 (Doc. No. 29). Plaintiff filed an opposition on January 25, 2021 (Doc. No. 32) and defendants filed a reply on March 10, 2021 (Doc. No. 33). On September 24, 2021, in issuing a Finding's and Recommendations to grant in part and deny in part defendants' exhaustion based motion for summary judgment, the undersigned expressly

alerted Plaintiff that Defendant Abumeri had not yet been served. (Doc. No. 35 at n. 2). However, despite notice from the Court, Plaintiff again took no action to request or effectuate service on Defendant Abumeri. *See* docket.

After the district court adopted the undersigned's Findings and Recommendations, on December 27, 2021, the undersigned referred the case for a settlement conference, which was held on April 27, 2021. (Doc. Nos. 38, 41). Having reached a settlement of the action, on May 23, 2022, all served defendants[2] and Plaintiff filed stipulations to dismiss this action with prejudice. (Doc. Nos. 45, 46).

Prior to closing this case the Court reviewed the docket and ascertained that Plaintiff took no action after the Court gave notice that Defendant Abumeri had not been served. On June 14, 2022, the Court issued an Order to Show Cause directing Plaintiff to show good cause why Defendant Abumeri should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. No. 48). In the alternative, the Court noted that Plaintiff may have intended to voluntarily dismiss his claim against Defendant Abumeri. The Court further opined that the FAC stated at most a claim of medical malpractice against Defendant Abumeri, but fell short of articulating a deliberate indifference Eighth Amendment and additionally did not allege sufficient facts that Defendant Abumeri was a state actor as opposed to a private physician. On June 23, 2022, In a one-paragraph response, Plaintiff responded stating he provided the name, address, and phone number of Defendant Abumeri and that he wishes to continue this action against Defendant Abumeri. (Doc. No. 49). The response to the Order to Show Cause otherwise is silent as to why Plaintiff took no other action to ensure that timely service was effectuated upon Defendant Abumeri.

## APPLICABLE LAW

**Fed. R. Civ. P. 4(m)**

If a defendant is not served within ninety (90) days after a complaint is filed, the court

---

[2] Specifically a settlement was reached between Plaintiff and defendants A.J. Fernandez, M. Ortega, T. Robinson, Y. Yang, A. Ramadan, B. Marean, and R. David.

*must*, after notice to the plaintiff, dismiss the action without prejudice. Fed. R. Civ. P. 4(m) (emphasis added). If a plaintiff shows good cause for a failure to serve, the Court must extend the time for accomplishing. *Id.*; *see also In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Inadvertent error and ignorance of the governing rules is not good cause. *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir.). "Similarly, the fact that a plaintiff is pro se does not itself constitute "good cause" for his or her failure to effect service within the Rule 4(m) deadline." *Lack v. Possner*, 2021 WL 4306315, *3-*4 (C.D. Cal. Sep. 21, 2021) (citing *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "[T]o establish "good cause," a plaintiff should show that the party to be served received actual notice of the lawsuit, the defendant would suffer no prejudice, and the plaintiff would be severely prejudiced if his complaint were to be dismissed." *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *5-*6 (C.D. Cal. Jun. 4, 2015) (citing *Sheehan*, 253 F.3d at 512).

An incarcerated plaintiff proceeding pro se and *in forma pauperis* is entitled to rely on the U.S. Marshal to effect service so long as the plaintiff provided the necessary information to help effectuate service. *Puett v. Blandford*, 912 F.2d 270, 274-75 (9th Cir. 1990). The reliance on the U.S. Marshal to effect service is not unfettered. Courts should inquire into whether the failure to effect service is due to any dilatoriness or fault on part of the plaintiff. *Rochon v. Dawson*, 828 F.3d 1107, 1110 (5th Cir. 1987); *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). "While…incarcerated plaintiffs proceeding *in forma pauperis* may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon*, 828 F.3d at 110; *see also Fowler*, 899 F.2d at 1095.

**Fed. R. Civ. P. 41**

Like Rule 4(m), Rule 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir.

2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 also permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Although involuntary dismissal is a harsh penalty, it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because the district court did not make a finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend the caption to remove "*et al*" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

**Deliberate Indifference Under the Eighth Amendment**

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). On the objective prong, a "serious"

medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). On the subjective prong, the official must know of and disregard a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is a higher standard than medical malpractice. Thus, a difference of opinion between medical professionals—or between the plaintiff and defendant—generally does not amount to deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the chosen course "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

**ANALYSIS**

While there is no evidence on the docket whether the U.S. Marshal attempted and was unable to serve Defendant Abumeri, the Court alerted Plaintiff in its September 24, 2021 Findings and Recommendations that Defendant Abumeri still had not been served. (Doc. No. 35 n. 2). Nonetheless, it is undisputed that Plaintiff has been on notice for over 200 days that Defendant Abumeri has not been served. (*Id*.);(*see* also Doc. No. 36) (showing Plaintiff was served the Courts September 24, 2021 Findings and Recommendations which informed Plaintiff that Defendant Abumeri has not been served). Despite having information that Defendant Abumeri had not been served, Plaintiff took no action to effectuate service. *See* docket. Instead, Plaintiff chose to continue this action, willfully ignoring the fact that Defendant Abumeri was not served and proceeded to settle the case with all defendants but Defendant Abumeri.

Plaintiff's case is similar to *Thomas v. Scott* where the plaintiff, who was incarcerated, filed a complaint pursuant to § 1983 for cruel and unusual punishment under the Eighth Amendment. 2015 U.S. Dist. LEXIS 96365, *2 (C.D. Cal. Jun. 4, 2015). The plaintiff in Thomas provided the U.S. Marshal with an address for the defendant but the U.S. Marshal was unable to serve the defendant because the defendant was no longer at the address. *Id*. at 3-5. While the plaintiff was informed that service was not affected, he took no action for over four months to effectuate service. *Id*. at *7. As a result, the court dismissed the plaintiff's case under

Rule 4(m). *Id.* at *8; *see Thomas v. Scott*, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015) (adopting the magistrate judge's findings and recommendation in *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365 (C.D. Cal. Jun. 4, 2015)). The glaring difference between the instant case and plaintiff in *Thomas* is, here, Plaintiff permitted a significantly longer time to elapse and took no action until the undersigned issued an Order to Show Cause.

Plaintiff is correct that he provided the address and phone number of Defendant Abumeri, and, given his indigent status, he may rely on the U.S. Marshal to effectuate service. Fed. R. Civ. P. 4(c)(3). But a plaintiff is not permitted to remain silent once he was informed that defendant has not been served. *See Rochon*, 828 F.3d at 110; *Fowler*, 899 F.2d at 1095; *see* also *Puett*, 912 F.2d at 274-75 (stating that the Ninth Circuit agreed with Fifth Circuit's reasoning in *Rochon*, 828 F.2d 1107).[3] Plaintiff did in fact remain silent and did not even attempt the minimum requirement to remedy the ineffective service such as requesting that Defendant Abumeri be served when alerted to the fact. *See Rochon*, 828 F.3d at 110; *see also Fowler*, 899 F.2d at 1095.

Furthermore, Plaintiff does not show good cause in his response to the June 14, 2022 Order to Show Cause. (*See generally* Doc. No. 49). Plaintiff does not establish that Defendant Abumeri received actual notice of the lawsuit, that Defendant Abumeri would suffer no prejudice

---

[3] This action is distinguishable from *Puett*. In *Puett*, the plaintiff, who was a pro se incarcerated state prisoner, filed a civil rights complaint pursuant to § 1983 against federal officials. *Puett*, 912 F.2d at 271. The district court dismissed the complaint, with leave to amend, because § 1983 relates to state agents, not federal agents. *Id.* Plaintiff filed a *Bivens* action in his amended complaint alleging two federal agents and two private individuals violated his rights under the Fourth Amendment. *Id.* The Court issued an order directing service of plaintiff's amended complaint. *Id.* The plaintiff requested proof of service from the U.S. Marshal and "was informed that the defendants never acknowledge receipt of the mailed summons and complaint and that therefore the documents were not considered served." *Id.* The plaintiff then sent a motion to the district court requesting that the U.S. Marshal personally serve the defendants; however, the court denied the motion. *Id.* at 271-72. The district court next sent notice to plaintiff of an intention to dismiss his action pursuant to Fed. R. Civ. P. 4(j). *Id.* at 72. The plaintiff then filed another motion requesting the U.S. Marshal to personally serve the defendants, and, in turn, the district court gave plaintiff 60 additional days to serve the defendants. *Id.* Ultimately, plaintiff was not able to serve defendants and the district court dismissed his case. *Id.* at 272-72. The Ninth Circuit held that the district court abused its discretion dismissing the case and vacated the district court's dismissal. *Id.* at 276. Notably, the plaintiff in *Puett* took immediate action when he was informed that the defendants were not served and requested that the unserved defendants be served. Here, Stone took no action once he was informed. Instead, Stone ignored the Court's September 24, 2021 notice (Doc. No. 35 at n. 2) and proceeded forward with litigating his case. At no point after the September 24, 2021 notice did Stone attempt to remedy the ineffective service. *See* docket. Stone's actions are completely contrary to the actions taken by the plaintiff in *Puett*.

if Plaintiff is permitted an extension to effectuate service, and that Plaintiff would be severely prejudiced if his complaint, which only remains only as to Defendant Abumeri at this stage of the proceedings, is dismissed. (*See* Doc. No. 49); *see also Thomas*, 2015 U.S. Dist. LEXIS 96365 at *5-*6 (citing *Sheehan*, 253 F.3d at 512). Plaintiff's response to the June 14, 2022 Order to Show Cause briefly restates the action's history and advises the Court that he intended to bring this action against Defendant Abumeri and also intends to settle. Plaintiff's intent to bring this action and settle with Defendant Abumeri is not good cause to excuse his failure to timely ensure that Defendant Abumeri is served with process.

Alternatively, the undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case under Fed. R. Civ. P. 41 (b). The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to the court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York*, 392 U.S. 40, 57 (1968). The court has already attempted a less drastic option by notifying Plaintiff of the ineffective service with Defendant Abumeri on September 24, 2021, and issued an Order to Show Cause, to which Plaintiff failed to demonstrate good cause. (*See* Doc Nos. 35, 48, 49).

Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than dismissal with prejudice, thereby addressing the fifth factor.

Notably, the Plaintiff **will not** be severely prejudiced if Defendant Abumeri is dismissed from this action. As noted *supra*, Plaintiff settled with every defendant besides Defendant Abumeri. Further, the undersigned upon re-review of the FAC and its exhibits does not find a plausible claim stated against Dr. Albumeri. "Under 28 U.S.C. § 1915A(b) and 42 U.S.C. §1997e(c)(1), a Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint fails to state a claim upon which relief may be granted." *Thomas,* 2015 U.S. Dist. LEXIS 96365 at n. 1. Plaintiff predicates liability to Defendant Abumeri stemming from what Plaintiff claims was a "botched surgery" because he was left with a more significant scar than he anticipated and hair loss. (Doc. No. 15 at 7). The undersigned finds the FAC alleges, at most, a claim of medical malpractice against Defendant Abumeri, not an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs. This is irrespective of the fact that there is nothing in the FAC to support a finding that Defendant Abumeri was a state actor to subject him to § 1983 liability. Indeed, in refusing to waive service on behalf of Defendant Abumeri, CDCR stated he is a "Health Net Provider" and "[n]ot a CDCR Employee." (Doc. No. 20). See *Von Haney v. Cross*, No. 2:18-CV-1836 KJN P, 2019 WL 586620, at *2 (E.D. Cal. Feb. 13, 2019) (stating outside surgeons and anesthesiologist at Shasta Medical Center and "are not employees of the California Department of Corrections and Rehabilitation, and thus do not qualify as state actors under section 1983."). Dr. Abumeri's status as a state actor is further strained by the fact that he was contacted to perform "emergency" surgery. *See Clewis v. Cal. Prison Health Care Servs.*, 2013 WL 2482521, at *1 (E.D. Cal. June 10, 2013); *Sykes v. McPhillips*, 412 F.Supp.2d 197 (N.D.N.Y.2006), *Vazquez v. Marciano*, 169 F.Supp.2d 248 (S.D.N.Y.2001); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 827 (7th Cir.2009); and *Katorie v. Dunham*, 108 F. App'x 694, 698–699 (3rd Cir.2004). These cases stand for the proposition that the provision of emergency medical services or having an incidental or transitory relationship with the state's prison system is too attenuated a relationship to characterize a physician's actions as voluntarily assuming to perform a function of the state. As a result,

Plaintiff will not be prejudiced if this action is dismissed because his claim against Defendant Abumeri should not have proceeded.

Nonetheless, the fact remains that Plaintiff took no action in the nine months from when he was informed that Defendant Abumeri had not been served and fails to show good cause why Defendant Abumeri should not be dismissed under Rule 4(m). After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b).

Accordingly, it is **RECOMMENDED**:

Defendant Abumeri be dismissed without prejudice under Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b) and this case be closed.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: July 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE