UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT STONE,<br><br>  Plaintiff,<br><br>  v.<br><br>IMAD ABUMERI,<br><br>  Defendant. | Case No. 1:19-cv-00703-ADA-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 50, 53) |

Plaintiff Chris Epperson ("Plaintiff"), proceeding *pro se*, filed a complaint on May 14, 2019. (ECF No. 1.) Plaintiff sought leave to proceed *in forma pauperis*. (ECF No. 3.) The matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Upon review of the stipulations for dismissal, the assigned Magistrate Judge entered an order of dismissal with prejudice as to Defendants listed therein on May 26, 2022. (ECF Nos. 45, 46, 47.) Thereafter, the sole remaining Defendant was Imad Abumeri ("Defendant"). On July 13, 2022, the assigned Magistrate Judge issued findings and recommendations, recommending Defendant be dismissed, without prejudice under Fed. R. Civ. P. 4(m) due to Plaintiff's failure to serve Defendant and under Fed. R. Civ. P. 41(b) for a failure to prosecute. (ECF No. 50.) The assigned Magistrate Judge also recommended to close this case. (*Id*.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto must

be filed within fourteen (14) days after service. (*Id.* at 1, 11.) Plaintiff timely filed his objections on July 29, 2022. (ECF No. 51.)

In his objections, Plaintiff argues that his action against Defendant should continue to proceed for several reasons. (*See id.*) Plaintiff argues that he has not been appointed counsel, despite filing three motions to appoint counsel. (*Id.* at 1.) Plaintiff further argues that he has been unable to obtain medical records. (*Id.*) According to Federal Rule of Civil Procedure 4(m), the court must, after notice to the plaintiff, dismiss the action without prejudice if a defendant is not served within ninety (90) days after complaint is filed. Fed. R. Civ. P. 4(m). Plaintiff has been on notice for over 200 days that Defendant has not been served. (*See* ECF No. 35 at 2 n.2) (putting Plaintiff on notice that Defendant had not been served yet in a previous findings and recommendations). Plaintiff failed to demonstrate good cause to excuse his failure to timely ensure that Defendant is served with process.

Like Rule 4(m), Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b). Again, Plaintiff remained silent and did not attempt to remedy the ineffective service, such as requesting that Defendant be served when alerted to the fact. This warrants dismissal under Rule 41(b). In his objections, Plaintiff argues that he should be able to confront Defendant to address his alleged suffering due to the surgery performed by Defendant. (ECF No. 51 at 2.) As emphasized in the findings and recommendations, Plaintiff will not be severely prejudiced if Defendant is dismissed from the action because Defendant is likely not a state actor that is subject to § 1983 liability. (ECF No. 50 at 10.) Therefore, the Court finds no basis to deny the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

///

///

///

Accordingly,

1. The findings and recommendations issued on July 13, 2022, (ECF No. 50), are adopted in full;

2. Defendant is dismissed under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b); and

3. The Clerk of Court shall terminate any pending motions close this case, including the "Motion for Clarification," (ECF No. 53), and enter judgment against Plaintiff.

IT IS SO ORDERED.

Dated:   September 30, 2022

UNITED STATES DISTRICT JUDGE