**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS SCOTT STONE, | No. 22-16587 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00703-ADA-HBK |
| v. | |
| T. ROBINSON; Y. YANG, LVN; R. DAVID; M. PEREZ, BPT Commissioner; A. J. FERNANDEZ; M. ORTEGA; GONZAKIS; A. RAMADAN, MI; IMAD ABUMERI, Surgeon; WATI LILIES, RN; JOHN ROTONDO, RN; JENNIFER MELENDEZ, RN; CATHERINE NACAR; CORAZON FLORES; BRETT MAREAN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted September 12, 2023**

Before: CANBY, CALLAHAN, and OWENS, Circuit Judges.

California state prisoner Nicholas Scott Stone appeals pro se from the

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b). *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in dismissing Stone's action for failure to prosecute where Stone failed to take any action to pursue his claim against Abumeri, the sole remaining defendant, for multiple months. *See* Fed. R. Civ. P. 41(b) (a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan*, 291 F.3d at 640-43 (discussing factors to be considered before dismissing a case for failure to prosecute or failure to comply with a court order; a district court's dismissal should not be disturbed absent "a definite and firm conviction" of "a clear error of judgment" (citations and internal quotation marks omitted)).

We do not consider Stone's challenge to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on

appeal.  See *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**